IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. LONNIE J. PARKER<br>5805 Trinity Hts<br>Texarkana, AR 71854 | )<br>)<br>)<br>) |
| Plaintiff, | ) Civ. No. 15-cv-1070<br>) |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF JUSTICE,<br>OFFICE OF PROFESSIONAL RESPONSIBILITY<br>950 Pennsylvania Ave., NW, Suite 3529<br>Washington. D.C.  20530-0001 | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1.  Plaintiff Dr. Lonnie J. Parker ("Plaintiff") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant United States Department of Justice, Office of Professional Responsibility ("OPR").

**II. JURISDICTION**

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

### III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4.  Plaintiff Dr. Lonnie J. Parker, is an individual who resides in Texarkana, Miller County, Arkansas.

5.  Defendant United States Department of Justice, Office of Professional Responsibility, is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

### V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of  "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)(C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the United States District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *See* 5 U.S.C. § 552(a)(4)(B).

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13.  On or about February 6, 2014, Plaintiff, by and through his attorney Daniel J. Stotter, sent a FOIA request to the U.S. Department of Justice, Office of Professional Responsibility FOIA Officer requesting "all records of the U.S. Department of Justice

Office of Professional Responsibility regarding any investigation or consideration of disciplinary actions involving the unauthorized practice of law by former Assistant U.S. Attorney Lesa Gail Bridges Jackson, who was employed at the U.S. Attorney's Office from 1989 - 2001."

14.  On or about December 2, 2014 , Plaintiff's attorney, Daniel J. Stotter, resent a copy of Plaintiff's  February 6, 2014 request to OPR, via both facsimile and US Mail.

15.  On or about December 2, 2014, Ginae Barnett, Government Information Specialist for OPR, emailed Plaintiff's attorney to confirm that Defendant OPR had received Plaintiff's February 6, 2014 FOIA request.

16.  On or about December 4, 2014, Lyn Hardy, Special Counsel for Freedom of Information and Privacy Acts for the U.S. Department of Justice Office of Professional Responsibility, sent a decision responding to Plaintiff's February 6, 2014 FOIA request, , indicating that the agency would neither confirm nor deny the existence of records responsive to Plaintiff's request. This agency decision also informed Plaintiff that if he was not satisfied with this response, he could appeal the OPR's FOIA decision to the U.S. Department of Justice, Office of Information Policy, within 60 days of this decision.

17.  On or about January 26, 2014, Plaintiff, by and through his attorney, Daniel J. Stotter, submitted an administrative appeal to the  U.S. Department of Justice, Office of Information Policy, challenging OPR's December 4, 2014 FOIA decision.

18.  On or about January 30, 2015 Priscilla Jones, Supervisory Administrative

Specialist for the U.S. Department of Justice Office of Information Policy, sent a

correspondence to Plaintiff's attorney, advising that Plaintiff's administrative appeal had

been received on January 26, 2015, and was assigned appeal number AP-2015-01724.

19.   As of the date of this filing, no decision has been issued on Plaintiff's

administrative appeal challenging OPR's December 4, 2014 FOIA decision.

### VII. CLAIM FOR RELIEF - VIOLATION OF FOIA

20.   Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 19 previously set

forth herein.

21.   Defendant has violated FOIA by failing to provide Plaintiff with all non-

exempt responsive records for his FOIA request of February 6, 2014 to the U.S.

Department of Justice, Office of Professional Responsibility, and by failing to undertake a

search reasonably calculated to locate responsive records to this FOIA request.

22.   By failing to provide Plaintiff with all records responsive to his FOIA request

of February 6, 2014, and by failing to undertake a search reasonably calculated to locate

responsive records to this FOIA request,  Defendant OPR has denied Plaintiff's right to

this information as provided by law under the Freedom of Information Act.

23.   Unless enjoined by this Court, Defendant will continue to violate Plaintiff's

legal rights to be provided with copies of the records that he has requested in his FOIA

request of February 6, 2014.

24.   Plaintiff is directly and adversely affected and aggrieved by Defendant's

failure to provide all responsive record to his February 6, 2014 FOIA requests to the U.S.

Department of Justice, Office of Professional Responsibility, and by the agency's failure

to undertake a search reasonably calculated to locate responsive records to this FOIA

request

25.   Plaintiff has fully exhausted all administrative remedies required by FOIA

prior to seeking judicial review in this matter.

26.   Plaintiff has been required to expend costs and to obtain the services of a law

firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

27.   Plaintiff is entitled to reasonable costs of litigation, including attorney fees

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for

Plaintiff providing the following relief:

1.   Declare Defendant U.S. Department of Justice Office of Professional

Responsibility has violated FOIA by failing to provide Plaintiff with all non-exempt

records responsive to his February 6, 2014 FOIA request, and by failing to perform an

adequate search to locate all records responsive to this FOIA request.

2.   Direct by injunction that Defendant U.S. Department of Justice Office of

Professional Responsibility provide Plaintiff with all non-exempt responsive records to

Plaintiff's February 6, 2014 FOIA request.

COMPLAINT                                                                - 6 -

3.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4.  Provide such other relief as the Court deems just and proper.

DATED: This 8th day of July, 2015.

Respectfully submitted,

_____/S/_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**